**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3504
_____

UNITED STATES OF AMERICA

v.

SHAWN TYSON,
                                    Appellant
_____

On Appeal from the District Court
of the Virgin Islands
(District Court No. 3-19-cr-00009-001)
District Judge: Honorable Robert A. Molloy

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on

December 6, 2021

_____

Before: McKEE,* RESTREPO, and SMITH *Circuit Judges*

(Opinion filed: May 3, 2023)

_____

OPINION**

_____

---

* Judge McKee assumed senior status on October 21, 2022.

** This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*:

Shawn Tyson appeals the District Court's denial of his motions to suppress. For the reasons set forth below, we will affirm the District Court.[1]

## I.[2]

### A. Customs Border Search

Tyson contends that the warrantless search of packages mailed from Georgia to the Virgin Islands constitutes a Fourth Amendment violation. He concedes that our decision in *United States v. Baxter*[3] defeats this claim, but he includes it to preserve the argument for further review and asserts *Baxter* was wrongly decided. However, as he correctly acknowledges, we are bound by our decision in *Baxter* and therefore reject his argument that the customs border searches leading to his arrest somehow violated the Fourth Amendment.[4]

### B. Apartment Search

Tyson next contests the search conducted at his Virgin Islands residence on the ground that his co-tenant, McKenzie, did not have any authority to consent to the search

---

[1] The District Court of the Virgin Islands exercised jurisdiction under 48 U.S.C. § 1612 and 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

[2] "This Court reviews the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercises plenary review of the District Court's application of the law to those facts." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002) (quoting *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998)).

[3] 951 F.3d 128 (3d Cir. 2020).

[4] *See Joyce v. Maersk Line Ltd.*, 876 F.3d 502, 508 (3d Cir. 2017) (en banc) (explaining that "[i]t is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels[]" (quoting 3d Cir. I.O.P. 9.1) and that an en banc hearing is required to overrule a prior panel's precedent).

of the third bedroom (i.e., the "drill press room"). The government first counters that Tyson "waived, or at least forfeited" this argument because his supplemental brief before the District Court focused exclusively on the customs border issue.[5]

The Supreme Court has explained that forfeiture is "the failure to make the timely assertion of a right" while waiver is the "intentional relinquishment or abandonment of a known right."[6] "Given such a high standard for establishing waiver, '[c]ourts should indulge every reasonable presumption against waiver . . . [and] not presume acquiescence in the loss of fundamental rights.'"[7] Here, the District Court advised the parties at the end of the suppression hearing that they were allowed to file any supplemental briefs that they "fe[lt] would be appropriate."[8] Such a general directive does not suggest that the parties' supplemental briefings were meant to wholly supplant their previous submissions and statements at the suppression hearing. Instead, it appears that the District Court simply gave the parties an additional opportunity to advance and/or clarify their arguments. Tyson's supplemental brief clearly alerted the court that, "[a]t the conclusion of the [suppression] hearing, the following issues remained[,]"[9] and he proceeded to only discuss matters relating to the customs border search issue. However, when viewed in tandem with the District Court's general guidance regarding the supplemental briefing,

---

[5] Appellee Br. at 26.
[6] *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).
[7] *United States v. Velazquez*, 749 F.3d 161, 182 (3d Cir. 2014) (quoting *Barker v. Wingo*, 407 U.S. 514, 525–26 (1972)).
[8] A228.
[9] A245.

this statement does not demonstrate the intent required to support a waiver claim. We are therefore unpersuaded by the government's claim that Tyson waived his challenge to the search of his residence.

Nevertheless, Tyson did not object to that evidence when it was admitted at trial. Pursuant to Fed.R.Evid.103(b), once the court definitively rules on the record, either before or after trial, a party need not renew the objection. However, the District Court never issued any definitive ruling regarding this matter on the record. Accordingly, if Tyson wished to preserve this matter for appeal, he needed to specifically raise it again before the District Court at trial. There is no indication on this record that he did so. Thus, Tyson forfeited his right to appeal the seizure of items from his residence.

## II.

For the foregoing reasons, we will affirm the District Court's order.

4